IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| RUSTY LEE HILLIARD #2360577 | § | |
| VS. | § | CIVIL ACTION NO. 6:22cv447 |
| DIRECTOR, TDCJ-CID | § | |

<u>REPORT AND RECOMMENDATION</u>
<u>OF THE UNITED STATES MAGISTRATE JUDGE</u>

Petitioner Rusty Lee Hilliard, an inmate of the Texas Department of Criminal Justice (TDCJ) proceeding *pro se*, filed a petition for a writ of habeas corpus and paid the filing fee. The case was referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Procedural History

Petitioner pleaded guilty in Smith County, Texas on July 7, 2021, to one count of stalking with a prior stalking conviction and two enhancements. (Dkt. #15-1 at 7–8.) In its judgment, the trial court expressly found that "Defendant appeared in Court with Counsel" and that "[i]t appeared to the Court that Defendant was mentally competent to stand trial, made the plea freely and voluntarily, and was aware of the consequences of this plea." (Dkt. #15-1 at 8.) Pursuant to his plea agreement, the trial court sentenced him to forty years in prison. (Dkt. #15-1 at 7–8; Dkt. #14-1 at 2.) Petitioner waived his right to appeal and did not file a direct appeal. (Dkt. #15-1 at 10.)

On September 2, 2021, Petitioner filed a state petition for writ of habeas corpus. (Dkt. #15-1 at 11–29.) The trial court required counsel to submit an affidavit concerning Petitioner's claim of ineffective assistance and subsequently recommended that relief be denied. (Dkt. #15-1 at 41, 44–47,

80.) Based on its review of the record and the trial court's findings, the Texas Court of Criminal Appeals denied the petition without written order on March 30, 2022. (Dkt. #15-2 at 1.)

Petitioner initiated this action in November 2022, and Respondent does not contest its timeliness or the Court's jurisdiction to hear it. Petitioner added a claim in a supplemental petition in October 2023. (Dkt. #22.) Respondent has answered both pleadings (Dkt. ##14, 28), and Petitioner has replied in support of his claims. (Dkt. #16.) The matter is ripe for review.

## Claims for Relief

Petitioner raises thirteen grounds for relief in his original petition and one additional ground in his supplemental petition, for a total of fourteen claims:

1. Petitioner's cell phone was pinged without probable cause. (Dkt. #1 at 6.)

2. Petitioner was searched and arrested on the pretext of an old, unrelated parole violation. (*Id.*)

3. Smith County investigators falsely claimed to have an Arkansas search warrant. (*Id.* at 7.)

4. Petitioner's bedroom was searched without a warrant. (*Id.*)

5. Petitioner's cell phone was put in airplane mode and searched without a warrant. (*Id.* at 8.)

6. Petitioner was in custody in Arkansas for six days before being arraigned. (*Id.*)

7. Petitioner's Facebook account was searched without a warrant. (*Id.*)

8. The trial court violated Plaintiff's Sixth Amendment rights by refusing to allow him to file pro se motions. (*Id.*)

9. The parole warrant for which Petitioner was arrested was invalid. (*Id.*)

10. Petitioner's indictment was invalid. (*Id.*)

11. Petitioner was questioned without being read his *Miranda* rights. (*Id.*)

12. Petitioner received ineffective assistance of counsel. (*Id.*)

13. Petitioner's forty-year sentence is excessive. (*Id.* at 16.)

14. Petitioner's conviction for stalking with a previous offense is an *ex post facto* violation

because his prior offense was only a misdemeanor when it was committed. (Dkt. #22.)

## Standard of Review

The role of federal courts in reviewing habeas corpus petitions by prisoners in state custody is exceedingly narrow. A person seeking federal habeas corpus review must assert a violation of a federal constitutional right. *Lowery v. Collins*, 988 F.2d 1364, 1367 (5th Cir. 1993). Federal habeas corpus relief will not issue to correct errors of state constitutional, statutory, or procedural law, unless a federal issue is also present. *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991); *West v. Johnson*, 92 F.3d 1385, 1404 (5th Cir. 1996). In the course of reviewing state proceedings, a federal court does "not sit as a super state supreme court to review error under state law." *Wood v. Quarterman*, 503 F.3d 408, 414 (5th Cir. 2007) (citations omitted); *Porter v. Estelle*, 709 F.2d 944, 957 (5th Cir. 1983).

Review of the petition is governed by the Antiterrorism and Effective Death Penalty Act (AEDPA). *See Lindh v. Murphy*, 521 U.S. 320, 327 (1997). Under AEDPA, a petitioner who is in custody "pursuant to the judgment of a State court" is not entitled to federal habeas corpus relief with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d). "By its terms § 2254 bars re-litigation of any claim 'adjudicated on the merits' in state court, subject only to the exceptions in §§ 2254(d)(1) and (d)(2)." *Harrington v. Richter*, 562 U.S. 86, 98 (2011). AEDPA imposes a "highly deferential standard for evaluating state-court rulings and demands that state-court decisions be given the benefit of the doubt." *Renico v. Lett*, 559 U.S. 766, 773

3

(2010) (citation and internal quotation marks omitted).

With respect to the first provision, a "state court decision is 'contrary to' clearly established federal law if (1) the state court 'applies a rule that contradicts the governing law' announced in Supreme Court cases, or (2) the state court decides a case differently than the Supreme Court did on a set of materially indistinguishable facts." *Nelson v. Quarterman*, 472 F.3d 287, 292 (5th Cir. 2006) (en banc) (quoting *Mitchell v. Esparza*, 540 U.S. 12, 15–16 (2003)). "[R]eview under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 180-81 (2011). As such, "evidence later introduced in federal court is irrelevant." *Id.* at 184. "The same rule necessarily applies to a federal court's review of purely factual determinations under § 2254(d)(2), as all nine Justices acknowledged." *Blue v. Thaler*, 665 F.3d 647, 656 (5th Cir. 2011).

For the purposes of section 2254(d)(2), a Texas court's factual findings are presumed to be sound unless a petitioner rebuts the "presumption of correctness by clear and convincing evidence." *Miller-El v. Dretke*, 545 U.S. 231, 240 (2005) (citing section 2254(e)(1)). The "standard is demanding but not insatiable; . . . [d]eference does not by definition preclude relief." *Id.* (citation and internal quotation marks omitted). The Supreme Court has held that a "state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington*, 562 U.S. at 101 (citation omitted). The Supreme Court has also explained that the provisions of AEDPA "modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693 (2002). Federal habeas corpus relief is not available just because a state court decision may have been incorrect; instead, a petitioner must show that a state court decision was unreasonable. *Id.* at 694.

4

State prisoners filing petitions for a writ of habeas corpus are required to exhaust their state remedies before proceeding to federal court unless "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1) (emphasis added). To satisfy this exhaustion requirement, a state prisoner must "fairly present" all of his claims to the state court. *See Picard v. Connor*, 404 U.S. 270, 275 (1971). In Texas, all claims must be presented to the Texas Court of Criminal Appeals. *See Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985).

Claims that are not properly exhausted must be dismissed as procedurally defaulted unless the petitioner demonstrates cause and prejudice or that a fundamental miscarriage of justice would result from a court's refusal to consider a claim. *See Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991); *see also Fearance v. Scott*, 56 F.3d 633, 642 (5th Cir. 1995). The Supreme Court explained this procedural default doctrine as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman*, 501 U.S. at 750. A habeas petitioner "meets the technical requirements for exhaustion" when state remedies are no longer available to him, but the procedural default doctrine exists to prevent inmates from effectively avoiding the exhaustion requirement by default. *Id.* at 732. Thus, defaulted claims in a mixed habeas petition are dismissed as procedurally barred. *See Fearance*, 56 F.3d at 642 ("Accordingly, this court is barred from reviewing the merits of Fearance's forced medication claims: The adequate and independent state ground doctrine 'bar[s] federal habeas when a state court decide[s] to address a prisoner's federal claims because the prisoner had failed to meet a state requirement.'") (quoting *Coleman*, 501 U.S. at 729–30); *see also Finley v. Johnson*, 243 F.3d 215, 218 (5th Cir. 2001)

(same).

Discussion and Analysis

A. EXHAUSTED CLAIMS

1. Fourth Amendment Violations

In claims 1–5 and 7, Petitioner alleges various violations of his right under the Fourth Amendment to be free from unreasonable search and seizure. Specifically, he asserts that there were several searches conducted without a warrant and that he was arrested without probable cause or a valid warrant.

But Petitioner waived these claims by pleading guilty. When a criminal defendant enters a voluntary guilty plea, he waives all non-jurisdictional defects in the proceedings leading to a conviction. *United States v. Celestine*, 546 F. App'x 346, 347 (5th Cir. 2013); *see also Norman v. McCotter*, 765 F.2d 504, 511 (5th Cir. 1985) (holding that the illegal searches and seizures were non-jurisdictional defects waived by a knowing and voluntary guilty plea). Petitioner thus waived these claims when he entered a voluntary plea.

Moreover, Petitioner's Fourth Amendment claims are foreclosed by the holding in *Stone v. Powell*, 428 U.S. 464 (1976), that Fourth Amendment claims are not cognizable under federal habeas review if the petitioner had a full and fair opportunity to litigate his Fourth Amendment claims. *See Stone*, 428 U.S. at 494 ("In sum, we conclude that where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained during an unconstitutional search or seizure was introduced at trial."); *see also Bell v. Lynaugh*, 828 F.2d 1085, 1091-92 (5th Cir.), *cert. denied*, 484 U.S. 933 (1987) ("We need not spend much time addressing appellant's Fourth Amendment concerns, for appellant does not allege, nor does our independent review of the record indicate, that appellant did

not have a full and fair opportunity to litigate his Fourth Amendment claim in state court.").

The opportunity, regardless of whether it is acted upon at the state level, is all that is required to preclude federal habeas review. *Smith v. Maggio*, 664 F.2d 109, 111 (5th Cir. 1981). Even errors in adjudicating Fourth Amendment claims are not an exception to *Stone's* bar. *See Moreno v. Dretke*, 450 F.3d 158, 167 (5th Cir. 2006). Here, Petitioner had the opportunity to fully and fairly litigate his Fourth Amendment challenge in state court—thereby precluding this claim. Because Plaintiff's Fourth Amendment claims are waived by his plea and precluded by *Stone*, he is not entitled to relief on any of these claims.

2. Remaining Exhausted Claims

In Claims 6, 8, and 12, Petitioner alleges that his rights were violated by a six-day delay between his arrest and arraignment (Dkt. #1-1 at 10), that the trial court violated his rights by refusing to rule on his pro se motions (*id.* at 12), and that counsel was ineffective for failing to thoroughly investigate the case and challenge the purported errors including the Fourth Amendment violations alleged in the petition. (*Id.* at 14–16.)

Petitioner raised these claims in his state habeas petition, and the trial court adopted the following relevant findings in its order transferring the petition to the Texas Court of Criminal Appeals:

> Contrary to his claim of delayed arraignment in his sixth alleged ground for relief, the defendant submitted a written waiver of arraignment, signed by him and his counsel, on 24 April 2020. In addition, the Defendant waived his right to arraignment by entering a plea of guilty to the indictment while represented by his appointed trial counsel. *Richardson v. State*, 508 S.W.2d 380, 381 (Tex. Crim. App. 1974).
>
> The defendant was represented by appointed counsel at the time he filed the *pro se* motions alluded to in his eighth ground for relief. "[A] defendant has no right to hybrid representation," and, as a consequence, this Court was "free to disregard any *pro se* motions presented by a defendant who is represented by counsel." *Robinson v. State*, 240 S.W.3d 919, 922 (Tex. Crim. App. 2007).
>
> At the time of his plea, the defendant was represented by trial counsel Donald S. Davidson, who provided effective assistance. There is no credible evidence before the Court that the defendant's trial counsel provided ineffective assistance for the reasons

7

> the defendant has alleged in his ninth ground for relief, or that the defendant was harmed by the alleged ineffectiveness of his trial counsel. Moreover, there is no credible evidence before the Court that his trial counsel's advice fell outside the range of competence demanded of attorneys in criminal cases or that, absent his trial counsel's alleged errors, the defendant would not have pleaded guilty and insisted on going to trial.

(Dkt. #15-1 at 77, 80.) The Texas Court of Criminal Appeals denied the petition without written order upon those findings and its independent review of the record. (Dkt. #15-2 at 1.)

None of these claims challenges the voluntariness of Petitioner's plea. As the Court has already explained above, a knowing and voluntary plea waives all non-jurisdictional defects in criminal proceedings. The record recounted above establishes that the TCCA made an implicit factual finding that Petitioner's guilty plea was knowing and voluntary, and that finding is entitled to deference from this court. *See, e.g., Jackson v. Thaler*, Civil Action No. 4:10-CV-189-Y, 2010 WL 5093144, at *3 (N.D. Tex. Nov. 5, 2010), *report and recommendation adopted*, 2010 WL 5090960 (N.D. Tex. Dec. 7, 2010) (noting that "[a]lthough the state habeas court did not enter express factual findings regarding the voluntary and knowing nature of Jackson's guilty plea, this court may reject the state court's implicit finding that his plea was freely, knowingly, and voluntarily made only if Jackson rebuts the presumption of correctness given to the state court factual findings 'by clear and convincing standards.'") (further citations omitted); *Sears v. Thaler*, Civil Action No. H-10-2529, 2011 WL 2162272, at *2 (S.D. Tex. May 31, 2011) (finding that explicit finding from state habeas court that guilty plea was knowing and voluntary was factual finding entitled to presumption of correctness).

A voluntary guilty plea waives even claims of ineffective assistance of counsel except those relating to the voluntariness of the plea itself. *United States v. Glinsey*, 209 F.3d 386, 392 (5th Cir. 2000); *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983). Petitioner has not alleged that he was advised incorrectly about the law material to his plea or otherwise established that his plea was not knowing and voluntarily entered. He certainly has not cited any evidence of involuntariness sufficient to

demonstrate that the state court's finding to the contrary was unreasonable. In contrast, the state court record contains an affidavit from trial counsel, testifying at length about the investigation and legal analyses he conducted and asserting in pertinent part as follows:

> In the end Mr. Hilliard chose to accept the State's plea offer after thoroughly going over all his options and fully understanding his constitutional rights. Mr. Hilliard stated on the record that he was not coerced into accepting the State's plea offer and after extensive communications with him he pled guilty voluntarily, freely, willingly, and knowingly.

(Dkt. #15-1 at 67.) Accordingly, all three of these claims are waived by Petitioner's guilty plea. He is thus not entitled to federal habeas review or relief on these claims.

B. DEFAULTED CLAIMS

Respondent asserts that Petitioner's remaining claims—9–11, 13, and 14—are procedurally defaulted. (Dkt. #14 at 5; Dkt. #28 at 2.) As recounted above, Petitioner did not file any direct appeals. He filed a state habeas corpus petition, but he did not include these claims in that petition. (Dkt. #15-1 at 11–32.) These claims have thus never been fairly presented to the state courts for review, and they are now barred from such presentation by Texas's abuse of the writ doctrine. Tex. Code Crim. Proc. Art. 11.04 § 4; *Ex parte Whiteside*, 12 S.W.3d 819, 821 (Tex. Crim. App. 2000) (article 11.07, section 4 of the Texas Code of Criminal Procedure applies to all subsequent applications); *Ex parte Barber*, 879 S.W.2d 889, 891 n.1 (Tex. Crim. App. 1994).

As explained above, claims that have not been properly exhausted in state court and may not now be presented there must be dismissed in federal habeas proceedings as procedurally defaulted unless the petitioner demonstrates cause and prejudice or that a fundamental miscarriage of justice would result from a court's refusal to consider a claim. *See Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991). Petitioner does not offer any cause or prejudice to excuse his failure to properly exhaust these claims in state court.

To satisfy the "miscarriage of justice" test, a petitioner must make a colorable showing of factual innocence. *Sawyer v. Whitley*, 505 U.S. 333, 335-36 (1992); *Finley v. Johnson*, 243 F.3d 215, 220 (5th Cir.2001) (holding that the fundamental miscarriage of justice exception is limited to cases where the petitioner can make a persuasive showing that he is actually innocent of the charges against him). Petitioner here has not made such a showing, and his guilty plea would contradict any suggestion of factual innocence at this stage. Accordingly, these claims are procedurally defaulted and not subject to federal habeas review for the reasons explained above. *Coleman*, 501 U.S. at 729-30; *see also Fearance v. Scott*, 56 F.3d 633, 642 (5th Cir. 1995).

## Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A). A district court may deny a certificate of appealability *sua sponte* because the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).

To obtain a certificate of appealability, the petitioner must make a substantial showing that the petitioner has been denied a federal right. *Newby v. Johnson*, 81 F.3d 567, 569 (5th Cir. 1996). To do this, he must demonstrate that the issues are debatable among jurists of reason, that a court could resolve the issues in a different manner, or that the questions are adequate to deserve encouragement to proceed further. *James v. Cain*, 50 F.3d 1327, 1330 (5th Cir. 1995).

When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a certificate of appealability should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the prisoner states a valid claim

of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Reasonable jurists reviewing this case could not disagree that Petitioner's claims are all defaulted, waived by his guilty plea, or not cognizable on federal habeas review. Accordingly, the Court should deny a certificate of appealability.

## RECOMMENDATION

The undersigned accordingly recommends that a writ of habeas corpus be denied, this action be dismissed with prejudice, and that a COA be denied *sua sponte*.

A copy of these findings, conclusions and recommendations shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendations must file specific written objections within 14 days after being served with a copy.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's proposed findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific, and the district court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1987).

Failure to file specific written objections will bar the objecting party from appealing the factual findings and legal conclusions of the Magistrate Judge which are accepted and adopted by the district court except upon grounds of plain error. *Duarte v. City of Lewisville*, 858 F.3d 348, 352 (5th Cir. 2017).

**So ORDERED and SIGNED this 22nd day of April, 2024.**

11

*JOHN P. LOVE* (signature)

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE