IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| RUSTY LEE HILLIARD, #2360577 | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Case No. 6:22-cv-447-JDK-JDL |
| | § | |
| DIRECTOR, TDCJ-CID, | § | |
| | § | |
| Respondent. | § | |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner, an inmate of the Smith County Jail proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge his July 2021 conviction of one count of stalking with a prior stalking conviction and two enhancements, which was entered pursuant to his guilty plea. The case was referred to United States Magistrate Judge John D. Love for findings of fact, conclusions of law, and recommendations for the disposition of the case.

On April 22, 2024, Judge Love issued a Report recommending that the petition be denied on the merits and as procedurally defaulted, that this action be dismissed with prejudice, and that a certificate of appealability be denied. Docket No. 37. Petitioner filed written objections. Docket No. 42.

This Court reviews the findings and conclusions of the Magistrate Judge de novo if a party objects within fourteen days of the Report and Recommendation. 28 U.S.C. § 636(b)(1). In conducting a de novo review, the Court examines the entire record and makes an independent assessment under the law. *Douglass v. United*

1

*Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc), *superseded on other grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

Petitioner's objection is limited to the Magistrate Judge's finding that Claim 14, in which Petitioner asserts an "*ex post facto*" violation, is procedurally defaulted and should be dismissed on that basis. Docket No. 37 at 2, 9–10; Docket No. 42. Petitioner does not assert that his *ex post facto* claim is exhausted or that he has acceptable cause for failure to exhaust it. Instead, he relies on several cases for the proposition that a challenge to a conviction based on a statute that has been found facially unconstitutional may be raised regardless of whether it was exhausted. Docket No. 42 at 3–4. But the statute under which Petitioner was convicted—Texas Penal Code § 42.072(b), stalking with a prior stalking conviction—has not been held to be facially unconstitutional.

Petitioner does not even assert that his statute of conviction is facially unconstitutional. His position is that the application of the statute to his case was unconstitutional because his previous stalking offense would not have qualified as a prior offense under the statute at the time the previous offense was committed. The stalking statute under which Plaintiff was convicted provides that "[a]n offense under this section is a felony of the third degree, except that the offense is a felony of the second degree if the actor has previously been convicted of an offense under this section[.]" Tex. Penal Code Ann. § 42.072(b). Petitioner does not dispute that he was previously convicted of stalking in 2000. Docket No. 42 at 2. Nor does he, for the

2

purposes of the present objection, dispute that was guilty of another offense of stalking in 2020, which led to the conviction under challenge. His only argument is that at the time of his prior stalking offense, that offense was merely a misdemeanor, and it was not legislatively increased to a third degree felony until 2001. *Id*. He does not assert that stalking was a lawful activity in Texas at the time of his previous offense or that the intervening change in law did not give fair notice of the consequences of future offenses. He simply asserts that reliance on his prior conviction to increase the severity of his new offense violates the prohibition on *ex post facto* laws.

But even if there were any merit to Petitioner's argument, *cf. McCall v. Dretke*, 390 F.3d 358, 366 (5th Cir. 2004) (application of intervening change in law is not *ex post facto* violation when it is not 'an additional penalty for earlier crimes,' but [rather] 'a stiffened penalty for the latest crime'") (quoting *Gryger v. Burke,* 334 U.S. 728, 732 (1948)), he does not offer any reason why that argument could not have been made in state court or why the habeas exhaustion requirement should not apply to this claim. Petitioner does not cite any cases, and this Court is not aware of any, holding that *ex post facto* claims are exempt from the exhaustion requirement. *See Jones v. Dretke*, No. 2:01-CV-0335, 2004 WL 877583, at *3 (N.D. Tex. Apr. 23, 2004), *report and recommendation adopted*, No. 2:01-CV-0335, 2004 WL 1079224 (N.D. Tex. May 10, 2004) (finding that "whatever *ex post facto* claim petitioner has raised, or attempted to raise, in the instant petition has not been presented to the state courts and must be dismissed for failure to exhaust").

Petitioner also suggests that his conviction is void because he was convicted of "a nonexistent offense." Docket No. 42 at 5. But again, Texas's stalking statute has not been invalidated by any state or federal court. What Petitioner means, apparently, is that the prosecution in his case could not have proved a conviction of a prior offense "under this section," as required by the statute under which he was convicted. But that argument goes directly to Petitioner's legal guilt or innocence of his crime of conviction and was obviously waived by his plea of guilty to the offense as charged. *See United States v. Hanyard*, 762 F.2d 1226, 1229–30 (5th Cir. 1985) (guilty plea waived argument that petitioner "was not guilty of the offense for which he was convicted").

Having conducted a de novo review of the Report and the record in this case, the Court has determined that the Report of the United States Magistrate Judge is correct, and Petitioner's objections are without merit. The Court therefore **OVERRULES** Petitioner's objections (Docket No. 42) and **ADOPTS** the Report and Recommendation of the Magistrate Judge (Docket No. 37) as the opinion of the District Court. Petitioner's petition for habeas corpus is hereby **DISMISSED** with prejudice. Further, the Court **DENIES** a certificate of appealability. Any pending motions are **DENIED** as moot.

So **ORDERED** and **SIGNED** this **21st** day of **May, 2024.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE

4